UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **FABIAN WADE** | : CIVIL ACTION NO.___(___) |
| Plaintiff, | : |
| v. | : |
| **KAY JEWELERS, INC.,** | : |
| **STERLING JEWELERS, INC,** | : **JURY TRIAL DEMANDED** |
| **GGP, INC., and JANE & JOHN DOES, 1- 5.** | : |
| Defendants. | : **JUNE 16, 2017** |

### VERIFIED COMPLAINT

1. This is an action brought by the named plaintiff for damages against the named defendants for their discriminatory actions as prohibited by 42 U.S.C. §1981 and under the common law of the State of Connecticut.

2. This action stems from the unlawful treatment of the Plaintiff who was a patron of KAY JEWELERS INC., ("KAY JEWELERS") at the KAY JEWELERS store located at The Shoppes at Buckland Hills, Mall, 194 Buckland Hills Dr. Suite 2500, Manchester, Connecticut, and after exiting KAY JEWELER's store, was subjected to unlawful discriminatory treatment on the basis of his race and/or color and /or gender. Generally, as set forth below, the Defendants subjected Plaintiff to racial profiling, false imprisonment and other unlawful acts in violation of the Equal Benefit clause of Section 1981 of Title 42 of the United States Code ("Section 1981"); and any other claims that can be inferred from the facts set forth herein. The Defendants also committed the

- 1 -

common-law torts of false imprisonment, slander, negligent infliction of emotional distress and intentional infliction of emotional distress.

## JURISDICTION

3. This Court has subject matter jurisdiction over Plaintiff's claims under the U.S. Constitution and 42 U.S.C. § 1981 pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

4. Venue is proper in this District under 28 U.S.C. § 1402(b) because the Plaintiff resides within the District.

5. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Plaintiff is not required to exhaust any administrative remedies under 42 U.S.C. §1981.

## PARTIES

7. The Plaintiff FABIAN WADE, a young adult Black male, hereinafter ("Plaintiff or FABIAN") at all times relevant to this complaint resides in Hartford, Connecticut.

8. The Defendant, KAY JEWELERS, INC., ("KAY JEWELERS or Defendant") is a company authorized to do business in Connecticut, with headquarters at 375 Ghent Road, Akron, OH 44333, and doing business, at the Kay Jewelers store at The Shoppes at Buckland Hills, Mall, 194 Buckland Hills Dr. Suite 2500, Manchester, CT 06040.

9. The Defendant, STERLING JEWELERS, INC., ("STERLING JEWELERS or

Defendant") is a company with headquarters at 375 Ghent Road, Akron, OH 44333-4601 and the parent company of KAY JEWELERS.

10. GGP, INC., ("GGP") a Delaware company doing business in Connecticut as The Shoppes at Buckland Hills, Mall, 194 Buckland Hills Dr., Manchester, CT 06040, ("BUCKLAND HILLS MALL") which is owned and managed by GGP, INC., an S&P 500 retail real estate company focused exclusively on owning, managing, leasing, and redeveloping high-quality retail properties throughout the United States, with headquarters at 110 North Wacker Drive in Chicago, Illinois 60606.

11. The Defendant, JANE and JOHN DOES, 1 through 5, ("Defendant or JANE DOE"), females who, at all times relevant to this action, were an employee of KAY JEWELERS, employed at the Kay Jewelers store at The Shoppes at Buckland Hills, Mall, 194 Buckland Hills Dr. Suite 2500, Manchester, CT 06040 and JOHN DOES who were male and security personnel of the Defendants GGP, INC., at Buckland Hills, Mall, 194 Buckland Hills Dr. Suite 2500, Manchester, CT 06040.

**FACTUAL ALLEGATIONS**

12. On Saturday, March 18, 2017, Plaintiff, a young adult Black African-American male, I left his home in the morning to go to the gym, then left from the gym and went to the barbershop to shape up his hair. After he finished the shapeup and had on his Do Rag, like he said - "because I always keep my hair nice and decent – he then went to the Buckland Hills Mall, reaching the mall at approximately 12 o'clock.

13. Fabian entered inside the mall from upstairs and entered a shoe store, to

go look at sneakers. After looking at the sneakers and stuff, he came out since he didn't see anything he wanted so he came downstairs to Kay Jewelry.

14. At Kay Jewelers, Fabian saw these earrings that he had been watching for a while that Kay Jewelers was selling at a low price he then from one of the two Kay Jewelers employees on the phone at the time; and one of them asked Fabian if he wanted help. Fabian said yes, ma'am, "could I see these two earrings."

15. The employee, then said yes, she could show Fabian the earrings but she can't take it out of the glass case. Fabian figured something was wrong because normally when he went "there they would, like, take it out and show" him, but this time the employee didn't want to take the earrings out of the glass case. Fabian decided to bother not to buy the earrings because they were kind small since he wanted the bigger ones. So, Fabian walked away from the Kay Jewelers booth.

16. Within a few minutes after he left the Kay Jewelers booth, an undercover lady police officer stopped Fabian, pulled him aside and she said a Kay Jewelry employee, called with a description of Fabian as the one that's been robbing them for three months.

17. After the undercover police officer detained Fabian, the second police officer, officer Decker, along with a Buckland Hills Mall security, a John Doe, joined where Plaintiff was being detained and officer Decker took over and continued to interrogate Fabian until Fabian called his lawyer. Officer Decker released Fabian only because Fabian called his lawyer.

18. The Manchester Police Report, No. P2017-011063, confirms that the police were "**CALLED BY THE MALL SECURITY BECAUSE A MALE WAS IDENTIFIED BY AN EMPLOYEE OF KAYS JEWELERS AS A SUSPECT WHO ATTEMPTED TO ILLEGALLY USE A CREDIT CARD IN THEIR STORE LAST WEEK AND POSSIBLY ID THEFT.**"

19. In summary, a Kay Jewelry employee initiated a telephone call reporting that Fabian himself was the one who had been scamming Kay Jewelers.

20. Fabian was racially profiled by the Kay Jewelers employee **IDENTIFYING FABIAN AS THE SUSPECT WHO ATTEMPTED TO ILLEGALLY USE A CREDIT CARD IN THEIR STORE LAST WEEK.**

21. As a result of the racial profiling, false identification and false accusation of larceny by Kay Jewelers, Fabian was detained, interrogated by the two police officers.

22. Fabian feared that the police could "[b]eat me he up" "Taser me." . . . 'Break me to jail." . . . 'I'm going to get locked up."

23. Fabian testified at a pre-suit deposition taken by Kay Jeweler's counsel that "[t]hat day turned out to be the worst day ever." Fabian was angry and was not going to go to his baby shower. His fiancé calmed him down and convinced him to attend anyway. He has since had flashbacks

24. Upon information and belief, Kay Jewelers store employees routinely and disproportionately target people of color for suspicion of shoplifting, credit/debit card fraud and/or other acts of larceny.

25. Upon information and belief, Kay Jewelers employees were not properly trained or supervised to prevent Kay Jewelers employees from targeting people of color for suspected shoplifting, credit/debit card fraud and other acts of larceny, nor properly trained nor supervised in connection with alerting security personnel to detain and accuse customers such as Plaintiff of unlawful conduct.

## COUNT ONE
### Violation of 42 U.S.C. §1981

26. The foregoing allegations in paragraph one through twenty-five (1-25) are repeated and incorporated as if fully set forth herein.

27. The detention and interrogation of Plaintiff, without warrant and without reasonable and probable cause, based solely on the false identification of Plaintiff as the shoplifter because of his race and or color of his skin, constitutes violations of state law of false imprisonment.

28. Furthermore, the false accusation of Plaintiff of the crime of shoplifting or larceny because of his race and or color of his skin, constitutes violations of state law of slander per se.

29. By reason of the foregoing, Plaintiff has been denied the full and equal benefit of all laws and proceedings intended for the security of persons and property as is enjoyed by white citizens, in violation of 42 U.S.C. §1981. Cf. *Phillip v. Univ. of Rochester*, 316 F.3d 291, 295-98 (2d Cir. 2003). See, *Jones v. J.C. Penney's Dept. Stores, Inc.*, 2007 WL 1577758, at *18 (W.D.N.Y. May 31, 2007); *Chapman v. Higbee*

Co., 319 F.3d 825, 833 (6th Cir. 2004); *Pierre v. J.C. Penney Co. Inc.,* 340 F. Supp.2d 308 (E.D.N.Y. 2004).

30. As a result of Defendants' unlawful discriminatory treatment of Plaintiff on the basis of his race and/or color and/or gender, subjecting Plaintiff to racial profiling, false imprisonment and false accusation of shoplifting, in violation of 42 U.S.C. §1981, Plaintiff suffered racial denigration, insult, intimidation, abuse, shock, embarrassment, humiliation, mental anguish and emotional pain and suffering.

31. As a result of the actions of the Defendants, Plaintiff sustained injuries including but not limited to embarrassment, anxiety, stress, emotional distress, pain and suffering and, mental anguish.

32. Some or all of Plaintiff's injuries and losses may be permanent in nature and/or permanently disabling.

33. As a further result of the actions of Defendants, Plaintiff was forced to incur expenses for medical care and attention, and it is reasonably probable that the Plaintiff will in the future have to incur further expenses for medical treatment and expenditures.

34. As a further result of the actions of Defendants, the Plaintiff's ability to pursue and enjoy life's activities has been reduced.

## COUNT TWO
**False Imprisonment**

35. The foregoing allegations in paragraph one through twenty-five (1-25) are repeated and incorporated as if fully set forth herein.

36. Defendants and its agents had no reasonable or probable cause to believe that Plaintiff shoplifted merchandise, returned stolen merchandise or engaged in any other kind of criminal conduct at the Kay Jeweler store prior to the violation of his rights.

37. Defendants falsely imprisoned or restrained of the liberty of the Plaintiff, in that: (a) Plaintiff's physical liberty was restrained when Defendants procured or instigated the restraint of Plaintiff by identifying Plaintiff as the shoplifter and the restraint was against Plaintiff's will; (b) Plaintiff did not consent to the restraint or acquiesce in it willingly; (c) he Defendants acted by identifying the Plaintiff as the shoplifter with the purpose of imposing a confinement on the Plaintiff or with knowledge that such confinement would, to a substantial certainty, result from it; and (d) Plaintiff was conscious of the confinement when it occurred, or; (e) Plaintiff was harmed by the confinement.

38. There is no legal justification for Defendants' directing, procuring or instigating the unlawful detention of Plaintiff in a confined space, and Defendants' refusal to let Plaintiff leave or continue on his way.

39. The Plaintiff was physically restrained as directed, procured or instigated by the Defendants for a long period of time without his consent and against his will.

40. As a result of the actions of the Defendants, Plaintiff sustained injuries including but not limited to embarrassment, anxiety, stress, emotional distress, pain and suffering and, mental anguish.

41. Some or all of Plaintiff's injuries and losses may be permanent in nature

and/or permanently disabling.

42. As a further result of the actions of Defendants, Plaintiff was forced to incur expenses for medical care and attention, and it is reasonably probable that the Plaintiff will in the future have to incur further expenses for medical treatment and expenditures.

43. As a further result of the actions of Defendants, the Plaintiff's ability to pursue and enjoy life's activities has been reduced.

## COUNT THREE
### Slander Per Se

44. The foregoing allegations in paragraph one through twenty-five (1-25) are repeated and incorporated as if fully set forth herein.

45. The direct and proximate cause of the injuries and damages suffered by the Plaintiff as hereinafter described were the actions of the Defendants and their agents, servants and/or employees, by the Defendants making the statement to a third person, which identified the Plaintiff, such that it would be reasonably understood that it was about the Plaintiff, constituting slander per se, in that: (a) Defendants published a defamatory statement to a third person, when the Defendant identified and accused Plaintiff as the shoplifter; (b) the aforesaid defamatory statement of falsely accusing Plaintiff of stealing, or shoplifting and identifying the plaintiff to a third person as the shoplifter; (c) the Defendants' aforesaid defamatory statement falsely charged Plaintiff with having committed a crime of shoplifting or theft that involves moral turpitude or for

which an infamous penalty is attached, and; (d) Plaintiff's reputation suffered injury as a result of the statement.

46. As a result of the actions of the Defendants, Plaintiff sustained injuries including but not limited to embarrassment, anxiety, stress, emotional distress, pain and suffering and, mental anguish.

47. Some or all of Plaintiff's injuries and losses may be permanent in nature and/or permanently disabling.

48. As a further result of the actions of Defendants, Plaintiff was forced to incur expenses for medical care and attention, and it is reasonably probable that the Plaintiff will in the future have to incur further expenses for medical treatment and expenditures.

49. As a further result of the actions of Defendants, the Plaintiff's ability to pursue and enjoy life's activities has been reduced.

## COUNT FOUR
### Intentional Infliction of Emotional Distress

50. The foregoing allegations in paragraph one through forty-nine (1-49) are repeated and incorporated as if fully set forth herein.

51. The conduct of the Defendants was extreme and outrageous and was reasonably foreseeable to cause severe emotional distress and in fact caused severe emotional distress to the Plaintiff.

52. Defendants intentionally and or recklessly engaged in the conduct

intended to cause and did cause severe emotional distress to the Plaintiff, and the conduct of Defendants was the proximate cause of the resulting severe emotional distress.

53. As a result of Defendants' intentional infliction of emotional distress, Plaintiffs suffered racial denigration, insult, intimidation, abuse, shock, embarrassment, humiliation, mental anguish and emotional pain and suffering.

54. Some or all of Plaintiff's injuries and losses may be permanent in nature and/or permanently disabling.

55. As a further result of the actions of Defendants, Plaintiff was forced to incur expenses for medical care and attention, and it is reasonably probable that the Plaintiff will in the future have to incur further expenses for medical treatment and expenditures.

## COUNT FIVE
### Negligent Infliction of Emotional Distress

56. The foregoing allegations in paragraph one through forty-nine (1-49) are repeated and incorporated as if fully set forth herein.

57. The conduct of Defendants was reasonably foreseeable to cause emotional distress and in fact caused emotional distress to the Plaintiff.

58. Defendants negligently engaged in the conduct intended to cause and did cause emotional distress to the Plaintiff and the conduct of Defendants was the proximate cause of the resulting severe emotional distress to the Plaintiffs.

59. As a result of Defendants' intentional infliction of emotional distress, Plaintiffs suffered racial denigration, insult, intimidation, abuse, shock, embarrassment, humiliation, mental anguish and emotional pain and suffering.

60. Some or all of Plaintiff's injuries and losses may be permanent in nature and/or permanently disabling.

61. As a further result of the actions of Defendants, Plaintiff was forced to incur expenses for medical care and attention, and it is reasonably probable that the Plaintiff will in the future have to incur further expenses for medical treatment and expenditures.

## COUNT TWO
### Negligence

62. The foregoing allegations in paragraph one through twenty-five (1-25) are repeated and incorporated as if fully set forth herein.

63. Defendants negligently and improperly trained and or supervised their agents and employees concerning racially profiling customers, including Plaintiff on the basis of their race, nationality, gender or color and concerning identifying and accusing the customers of larceny or shoplifting.

64. Defendants negligently and improperly trained and or supervised their agents and employees concerning racially profiling customers including Plaintiff, on the basis of their race, nationality, gender or color and concerning directing, procuring or instigating the unlawful detention of customers, including Plaintiff.

65. As a result of the actions of the Defendants, Plaintiff sustained injuries including but not limited to embarrassment, anxiety, stress, emotional distress, pain and suffering and, mental anguish.

66. Some or all of Plaintiff's injuries and losses may be permanent in nature and/or permanently disabling.

67. As a further result of the actions of Defendants, Plaintiff was forced to incur expenses for medical care and attention, and it is reasonably probable that the Plaintiff will in the future have to incur further expenses for medical treatment and expenditures.

68. As a further result of the actions of Defendants, the Plaintiff's ability to pursue and enjoy life's activities has been reduced.

**Wherefore**, Plaintiff requests that this Court:

1.   Enter Judgment for Plaintiff on all counts against each of the Defendants jointly and severally;

2.   Award compensatory damages against each Defendant jointly and severally;

3.   Award punitive damages against each Defendant jointly and severally;

4.   Award prejudgment interest on any award of damages to the extent permitted by law;

5.   Award reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and any other applicable law and;

6.   Grant such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.

Dated: June 16, 2017.

THE PLAINTIFF
FABIAN WADE

By:_____
Nitor V. Egbarin, ct05114
Law Office of Nitor V. Egbarin, LLC
100 Pearl Street, 14th Floor
Hartford, CT  06103-3007
Tel: (860) 249-7180
Fax: (860) 408-1471
E-mail: NEgbarin@aol.com
His Attorney

## VERIFICATION

State of Connecticut            :
                                : ss. Hartford
County of Hartford              :

    I, FABIAN WADE, individually, having been duly sworn, hereby depose and say that:

1. I am over the age of eighteen years and understand the obligations of an oath.

2. I was a patron at The Shoppes at Buckland Hills, Mall, 194 Buckland Hills Dr. Suite 2500, Manchester, Connecticut as alleged and reviewed merchandise at the KAY JEWELERS kiosk/casing in the middle of the mall's hallway as alleged in the Verified Complaint and was subjected to unlawful racial profiling and discriminatory treatment as described in the above captioned matter.

3. I have personal knowledge of the facts set forth in the foregoing Verified Complaint.

4. I have read the Verified Complaint, I know the contents thereof, and verify that the allegations contained therein are true to the best of my knowledge, information and belief.

                              _/s/ FWade_
                              FABIAN WADE

Subscribed and sworn to before me this _16_ day of June, 2017.

                              _____
                              Notary Public/ Commissioner of Superior Court