# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| FABIAN WADE, | |
| --- | --- |
| Plaintiff, | No. 3:17-cv-990 (MPS) |
| v. | |
| KAY JEWELERS, INC., STERLING JEWELERS, INC., GGP, INC., AND JANE & JOHN DOES, 1–5 | |
| Defendant. | |

## RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Fabian Wade ("Wade") has moved for leave to amend his first amended Complaint under Rules 15 and 16 of the Federal Rules of Civil Procedure. (ECF No. 91.) Wade seeks leave to amend his complaint to identify five individuals previously named in his complaint as John and Jane Does. (ECF No. 91-1 at 1.) According to Wade, all five individuals worked at the Buckland Hills Mall either in the Kay Jewelers Store as employees of Defendants Kay Jewelers and Sterling Jewelers or as mall security guards acting as agents of Defendants GCP and Kay Jewelers. (ECF No. 91-2 at ¶¶ 11–15.) Wade claims that discovery has identified these five as the John and Jane Does who participated in the racial profiling, false imprisonment, and defamation alleged in his initial complaint, and now seeks to name them as individual defendants. (ECF No. 91-1 at 5–6.) Defendant Sterling Jewelers opposes the motion, arguing that Wade was not diligent in identifying these individuals, that amending the complaint now would prejudice Sterling, and that Wade's amendment is futile. (ECF No. 92.) Because I agree that Wade was not diligent and that allowing Wade to amend the complaint would prejudice defendants, I DENY Wade's motion for leave to amend.[1]

---

[1] Although Wade's motion for leave to amend does not comply with the requirements of Local Rule 7(f), I address Wade's motion on the merits. Because I find that Wade was not diligent and defendants have shown prejudice, I do not address Sterling's futility argument, which rests on the same grounds as its pending motion to dismiss. (ECF No. 42.)

"[T]he Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Because Wade filed this motion after the November 1, 2017 deadline adopted by the Court for Wade to file motions to join additional parties or amend his pleadings, his motion is subject to this standard. (*See* ECF Nos. 35, 34 at 6.) The "good cause" standard chiefly "depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Verdone v. Am. Greenfuels, LLC*, No. 3:16-CV-01271 (VAB), 2017 WL 3668596, at *2 (D. Conn. Aug. 24, 2017) (internal quotation marks omitted) (quoting *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014)). The movant bears the burden of showing diligence. *Id.* The court may "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Undue prejudice may exist where the opposing party would be required to "expend significant additional resources to conduct discovery and prepare for trial" or "the amendment will significantly delay resolution of the dispute." *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). Courts in this Circuit are "particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment." *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013). The non-movant has the burden of demonstrating prejudice. *See Block*, 988 F.2d at 350.

Wade has not established that he was diligent in pursuing leave to amend his complaint. Wade either knew or should have known that he needed to determine the identity of the John and

Jane Does identified in his initial complaint by the motion deadline, November 1, 2017.[2] Despite this, Wade did not seek an extension of that deadline before it passed. According to Sterling, Wade also did not notice any depositions until April 30, 2018, almost six months after the deadline. (ECF No. 92 at 3 n.2; *see also* ECF Nos. 92-1, 92-2.) Wade claims that he definitively identified all but one of the defendants in May 2018, but he waited almost two *more* months to file this motion—after discovery had closed on June 29, 2018 and after Sterling filed its motion for summary judgment on July 2, 2018. (ECF No. 91 at 3–5; ECF No. 87.) *See Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (affirming finding that plaintiff was not diligent by waiting three months after learning identity of John Doe officers before moving to amend complaint). Because Wade should have taken affirmative steps to ascertain the identity of the individual defendants before the November 1, 2017 deadline, or, if necessary, to extend that deadline, but instead took no action until discovery closed more than eight months later, Wade cannot be said to have acted diligently. *See Lamphear v. Potter*, No. 09-1640 TLM, 2012 WL 3043108, at *3 (D. Conn. July 25, 2012) (holding that plaintiff was not diligent in moving to amend because his motion came after discovery had been completed and a summary judgment motion was filed, but plaintiff's attorney was aware that he needed to correct the complaint at least nine months prior).

Moreover, even if Wade was diligent in moving to amend (which he was not), defendants have shown that they will be prejudiced if Wade is permitted to amend his complaint. Sterling would clearly be prejudiced here because it filed a motion for summary judgment after discovery closed. (ECF No. 87.) Although Wade does not add any new claims and several proposed defendants appear to have already been deposed, adding these defendants would effectively require

---

[2] Although Wade's motion references a supposedly erased security video, the Court does not find that the video is relevant in determining whether Wade was diligent in identifying the individual defendants in advance of the November 1, 2017 deadline.

reopening discovery. This raises the possibility of introducing new material disputed facts, which Sterling could not have addressed in its pending summary judgment motion and to which it would likely have to respond. *See McCulloch v. Hartford Life & Acc. Co.*, No. CIV. 301CV1115(AHN), 2006 WL 931723, at *5 (D. Conn. Apr. 11, 2006) (finding undue prejudice where amended counterclaim would require additional summary judgment briefing and delay trial). Wade's new complaint would thus necessitate additional discovery and another round of summary judgment briefing, requiring defendants to expend significant additional resources. *See also Werking*, 526 F. App'x 94, 96 (2d Cir. 2013) (affirming denial of motion to amend to add a new defendant because the additional discovery required after the parties had just completed the discovery process would prejudice defendants). Accordingly, Defendants have shown that the late addition of these new defendants will cause them undue prejudice.

Accordingly, Wade's motion for leave to amend his first amended complaint is DENIED.

IT IS SO ORDERED.

    /s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
            July 24, 2018